IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ALLAN NOVAK, | ) | Case No. 1:18-cv-2716 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff, John Allan Novak, seeks judicial review of the final decision of the Commissioner of Social Security, dismissing his request for an administrative hearing to review the denial of his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Because the administrative law judge ("ALJ") did not abuse her discretion in dismissing Novak's request for an administrative hearing, I recommend that the Commissioner's final decision dismissing Novak's request for administrative hearing and denying his applications for disability insurance benefits and supplemental security income be AFFIRMED.

I.   **Relevant Facts**

In October 2015, Novak filed applications for disability insurance benefits and supplemental security income, alleging that he became disabled in September 2015 due to Hepatitis C and "problems with arm and elbow from hand injury." (Tr. 171, 242). The Social Security Administration denied Novak's applications initially and upon reconsideration. (Tr. 58-

84).  On April 23, 2016, Novak requested an administrative hearing.  (Tr. 78).  The Social Security Administration scheduled Novak's hearing for July 19, 2017, issued a "notice of hearing," and notified Novak that his request for a hearing could be dismissed if he failed to attend.  (Tr. 91).  On April 18, 2017, Novak completed an "acknowledgment of receipt of the notice of hearing" and indicated that he would attend the July 19, 2017, hearing.  (Tr. 89).  On July 5, 2017, the Social Security Administration mailed Novak a reminder of his scheduled hearing.  (Tr. 116).

Novak did not appear at the scheduled hearing.  (Tr. 122).  On July 25, 2017, ALJ Catherine Ma issued Novak a "request to show cause for failure to appear."  (Tr. 123-24).  Novak responded that he did not feel well on the day of the hearing, felt faint and week that morning, and had used the restroom frequently.  (Tr. 125).  Novak also said that he "had problems associated with the heat," could only drive one mile to his job, and had no air conditioning in his car.  (Tr. 125).  He indicated that his Hepatitis C was "possibly a large contributing factor of why the heat affect[ed him]."  (Tr. 125).  Finally, Novak stated that he did not know he was supposed to call in, that he told his representative he did not feel well the evening before the hearing, and that he believed his representative would handle the matter.  (Tr. 125).

On August 24, 2017, the Social Security Administration issued a second "notice of hearing" to inform Novak that another hearing was scheduled for December 20, 2017.  (Tr. 127).  The notice expressly stated, "If you do not attend the hearing and I do not find that you have a good reason, I may **dismiss** your request for hearing.  I may do so without giving you further notice."  (Tr. 127) (emphasis in original).  On August 29, 2017, Novak signed and returned the Acknowledgement of Receipt form and indicated that he would "be present at the time and place

2

shown on the Notice of Hearing. If an emergency arises after I mail this form and I cannot be present, I will immediately notify you at the telephone number shown on the Notice of Hearing." (Tr. 159). Two weeks before the rescheduled hearing, the Social Security Administration sent Novak a reminder notice. (Tr. 164).

Novak did not appear at the December 20, 2017, hearing, and the ALJ issued another "request to show cause for failure to appear." (Tr. 166-67). Novak responded that he had a cold the day before the hearing, and that he left work early on December 20, 2017, the day of the hearing. (Tr. 168-69). He also stated that he would have difficulty driving downtown for the hearing and that he wanted a telephone hearing or field office hearing closer to his home. (Tr. 168-69).

On January 24, 2018, the ALJ issued a "notice and order of dismissal," finding that Novak failed to provide good cause for his failure to appear and dismissing his request for an administrative hearing. (Tr. 10-11). Specifically, the ALJ stated:

> The undersigned as considered the factors set forth in 20 C.F.R. §§ 404.957(b)(2) and 416.1457(b)(2) and finds that [Novak] has not given a good reason for his failure to appear at the time and place of hearing. The undersigned notes that [Novak] was working even on the day of the hearing. The undersigned further notes that this was a rescheduled hearing and that [Novak] had previously failed to appear at his first hearing after having returned the acknowledgement form indicating that he was going to be present (16B). Furthermore, [Novak's] alleged apprehension about coming downtown does not constitute good cause in this case, given his alleged impairments of Hepatitis C and "problems with arm and elbow from hand injury."

(Tr. 11). On October 18, 2018, the Appeals Council denied Novak's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 3-8). On November 21, 2018, Novak filed a complaint to seek judicial review. ECF Doc. 1.

3

## II. Applicable Legal Standards

Although an ALJ's decision to dismiss a claimant's request for an administrative hearing generally falls outside the purview of judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner may waive the requirement that a claimant first have an administrative hearing before bringing his claims to federal court. *See Matthews v. Eldridge*, 424 U.S. 319, 328-32 (1976) (holding that the *exhaustion* element in § 405(g) may be waived, but the final decision element is jurisdictional). In such cases, the applicable standard of review is "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" *Smith v. Berryhill*, 139 S. Ct. 1765, 1779 n.19 (May 28, 2019); *see also* ECF Doc. 29 at 4. In the administrative review context, an abuse of discretion occurs only when the court is left with the firm conviction that the administration committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors. *Balani v. INS*, 669 F.2d 1157, 1160-61 (6th Cir. 1982); *see also Harlamert v. World Finer Foods, Inc.*, 489 F.3d 767, 773 (6th Cir. 2007) ("An abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment."). Further, "substantial evidence" is *any evidence* that a reasonable person could believe is enough to back up the decision. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017) (noting that the court does not need to agree that the evidence relied upon was the most important or credible evidence in the record).

## III. Analysis

Liberally construed, Novak argues that the ALJ abused her discretion in dismissing his request for an administrative hearing because the conditions that precipitated his applications for benefits – Hepatitis C and pain in his arm, elbow, hands, knees, ankles, and hips – were good cause of his failure to attend the hearing. ECF Doc. 27 at 1. Further, Novak asserts that he

requested, and the Social Security Administration could have scheduled, a video hearing at the field office in Warrensville Heights, Ohio.  ECF Doc. 27 at 1.

The Commissioner responds that the ALJ adequately considered the regulatory factors in determining whether Novak showed good cause, and that substantial evidence supported the ALJ's conclusion that he did not show good cause.  ECF Doc. 29 at 5-8.  Thus, the Commissioner asserts that the ALJ did not abuse her discretion in dismissing Novak's request for an administrative hearing.  ECF Doc. 29 at 5-8.

An ALJ may dismiss a request for an administrative hearing when:

(i) Neither [the claimant] nor the person [the claimant] designate[d] to act as [the claimant's] representative appear[ed] at the time and place set for the hearing and [the claimant] ha[d] been notified before the time set for the hearing that [the claimant's] request for hearing may be dismissed without further notice if [the claimant] did not appear at the time and place of hearing, and good cause ha[d] not been found by the administrative law judge for [the claimant's] failure to appear; or

(ii) Neither [the claimant] nor the person [the claimant] designate[d] to act as [the claimant's] representative appear[ed] at the time and place set for the hearing and within 10 days after the administrative law judge mail[ed] [the claimant] a notice asking why [the claimant] did not appear, [the claimant] d[id] not give a good reason for the failure to appear.

20 C.F.R. §§ 404.957(b)(1), 416.1457(b)(1).  An ALJ must determine whether good cause exists based on the circumstances of case.  HALLEX § I-2-4-25(B).  In evaluating good cause, an ALJ must "consider any physical, mental, educational, or linguistic limitations . . . . which [the claimant] may have."  20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2).  Further, good cause will generally be found when the claimant was not properly notified of the scheduled hearing, an unforeseeable event prevented the claimant from notifying the ALJ and requesting postponement, or representation was withdrawn without sufficient notice.  HALLEX § I-2-4-25(C)(1).  An "ALJ may dismiss the [request for hearing] without developing good cause" when

5

"[t]he Notice of Hearing notifies [the] claimant that the [request for hearing] may be dismissed without further notice if neither the claimant nor the appointed representative, if any, appears at the scheduled hearing." HALLEX § I-2-4-25(C)(3)(a).

As a preliminary matter, the Commissioner has waived the "after a hearing" requirement in 42 U.S.C. §§ 405(g) and 1383(c)(3). ECF Doc. 22; *see also* ECF Doc. 23. Thus, this court may review whether the ALJ abused her discretion in dismissing Novak's request for hearing. *Matthews*, 424 U.S. at 328-32; *see also Smith*, 139 S. Ct. at 1779 n.19.

I find that the ALJ did not abuse her discretion in dismissing Novak's request for administrative hearing. *Smith*, 139 S. Ct. at 1779 n.19; *Balani*, 669 F.2d at 1160-61; *Harlamert*, 489 F.3d at 773. Because the August 24, 2017, Notice of Hearing informed Novak that his request for hearing could be dismissed without further notice if he failed to appear, the ALJ was not required to further develop whether Novak had good cause for failing to appear at the December 20, 2017, hearing. HALLEX § I-2-4-25(C)(3)(a); (Tr. 127). Despite this, the ALJ still gave Novak a chance to explain why he did not appear. And she evaluated whether the reasons he provided established "good cause" in light of the regulatory factors. 20 C.F.R. §§ 404.957(b)(1), 416.1457(b)(1); HALLEX § I-2-4-25(B), (C); (Tr. 10-11, 166-69). Further, substantial evidence supported the ALJ's conclusion that Novak did not show good cause for failing to appear at the hearing, including: (1) Novak's acknowledgement that he would attend the hearing or call if circumstances changed; and (2) his indication that he went to work on the day of the hearing. *Biestek*, 880 F.3d at 783; (Tr. 159, 168-69). And, although the ALJ was required to consider Novak's statements that his alleged impairments impacted his ability to attend the hearing, the regulations do not require the ALJ to simply accept those reasons and make a finding that they constituted "good cause.". *See generally* 20 C.F.R. §§ 404.957,

6

416.1457. To the contrary, the ALJ was entitled to exercise her discretion to critically review the stated reasons for Novak's non-attendance and to decide whether they were sufficient. And while we might, if called upon to review Novak's reasons afresh, have given more weight to his concerns about having a cold or finding it difficult to travel in the heat, it is not hard to see why the ALJ would have discounted all of those excuses and concluded that Novak's decision to go to work on the day of his hearing completely undermined his argument that he could not make it to the hearing. Thus, even if we might have reached a different conclusion in evaluating Novak's reasons for failing to appear, I am not left with the firm conviction that the ALJ committed a clear error of judgment in determining that Novak did not have good cause for failing to appear at the hearing. *Smith*, 139 S. Ct. at 1779 n.19; *Balani*, 669 F.2d at 1160-61; *Harlamert*, 489 F.3d at 773.

I find that the ALJ did not abuse her discretion in dismissing Novak's request for an administrative hearing.

### IV. Recommendation

Because the ALJ did not abuse her discretion in dismissing Novak's request for an administrative hearing, I recommend that the Commissioner's final decision dismissing Novak's request for administrative hearing and denying his applications for disability insurance benefits and supplemental security income be AFFIRMED.

Dated: April 2, 2020

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).