UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN ALLAN NOVAK,** | ) | CASE NO. 1:18CV2716 |
| | ) | |
| **Plaintiff,** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **COMMISSIONER OF** | ) | **OPINION AND ORDER** |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Plaintiff John Novak's Objections (Doc. 32) to the Report and Recommendation (Doc. 31) of Magistrate Judge Thomas M. Parker, who recommends that the Court affirm the Commissioner's decision dismissing Plaintiff's request for an administrative hearing and denying his applications for disability insurance benefits and supplemental security income. For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the Commissioner's denial of Plaintiff's claim.

**I. BACKGROUND FACTS**

Plaintiff's Complaint stems from the events surrounding his administrative hearings—or lack thereof—before the Administrative Law Judge ("ALJ"). After the Social Security Administration denied his request for benefits, Plaintiff requested an administrative hearing. The ALJ scheduled the initial hearing for July 19, 2017. Even after multiple notices and

confirmation of his attendance, Plaintiff did not appear at the hearing. In response to the ALJ's Show Cause Order, Plaintiff claimed his Hepatitis C impacted his ability to attend the hearing. He felt both faint and weak. He also had trouble in the heat and drove a vehicle without air conditioning.

The ALJ found good cause existed and the Administration issued a second notice of hearing. The second hearing was set for December 20, 2017. The notice stated: "If you do not attend the hearing and I do not find that you have a good reason, I may **dismiss** your request for hearing. I may do so without giving you further notice." (Emphasis in original). Again, Plaintiff acknowledged receipt of the second notice and indicated he would attend the hearing. In the event he could not attend, Plaintiff agreed he would contact the Administration before the hearing.

Despite his reassured attendance, Plaintiff again failed to appear for the hearing. A similar procedure followed—the ALJ issued a second Show Cause Order (despite her notice that she did not have to) and Plaintiff provided a response. Plaintiff justified his nonappearance on a cold the day before. He also indicated that he left work early on the day of the hearing. Finally, Plaintiff claimed he would have difficulty driving to the hearing and that he wanted a hearing closer to his home.

Unlike last time however, the ALJ determined that Plaintiff did not provide a good reason for failing to attend the hearing. The ALJ relied on the factors in 20 C.F.R. §§ 404.957(b)(2) and 416.1457(b)(2). In doing so, the ALJ noted that Plaintiff worked on the day of his hearing and that this was Plaintiff's second failure to appear. The ALJ also determined that Plaintiff's apprehension of driving downtown did not constitute good cause given his alleged impairments.

The Appeal Council denied review and Plaintiff filed his Complaint with this Court. (Doc. 1). On April 2, 2020, the Magistrate Judge issued his Report and Recommendation. (Doc. 31). On April 9, 2020, Plaintiff filed his Objections. On April 23, 2020, the Commissioner filed his Response. (Doc. 33).

## II. LAW & ANALYSIS

A court reviews an administrative law judge's procedural decision for "abuse of discretion as to the overall conclusion, and 'substantial evidence' as to any fact." *Smith v. Berryhill*, 139 S.Ct. 1765, 1779 n. 19 (2019) (citations omitted). 'Abuse of discretion' in this context occurs when the court is left with the firm conviction that the administration committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors. *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982). 'Substantial evidence' means more than a mere scintilla of evidence, but less than a preponderance of the evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). Thus, if the record evidence is of such a nature that "a reasonable mind might accept it as adequate support" for the final decision, then the determination must be affirmed. *Id.*

The Magistrate Judge determined that the ALJ did not commit clear error of judgment in deciding that Plaintiff did not show good cause for failing to appear at the hearing. (Doc. 31, PageID: 234). In so finding, the Magistrate Judge determined that the ALJ neither abused her discretion nor failed to support her decision with substantial evidence. (*Id.* at PageID: 233). Plaintiff objects, arguing that good cause existed for not attending the hearings. With respect to the first hearing, Plaintiff could not attend because he was in the emergency room the week before. As for the second hearing, Plaintiff acknowledges he went to work on the day of the

hearing. But he argues he works only one mile from his home, that work is in the evening and that the work only involved two to three hours of light cleaning. (Doc. 32, PageID: 236).

The Court finds Plaintiff's objections without merit. The Court focuses its inquiry on the second hearing.[1] Plaintiff's objection and explanation for why he missed the second hearing is based on convenience. Plaintiff explains that, yes, he still worked on the date of the second hearing. But his work is close to home and involves a few hours of light cleaning work.

This objection does not establish good cause for failing to attend the administrative hearing. 'Good cause' must be based on any physical, mental, educational or linguistic limitation. 20 C.F.R. § 404.957(b)(2). Plaintiff's objection—like his original explanation to the ALJ—is not based on any such limitation. Accordingly, the Court is not left with a 'firm conviction' that the ALJ abused her discretion in determining that good cause did not exist.

Moreover, substantial evidence supported her determination. Plaintiff chose to work rather than attend the hearing. This is true even though he did not appear at the first hearing and said he would attend the second hearing. And Plaintiff did not excuse his nonappearance on any reason related to his medical conditions. With the second hearing scheduled for the winter months, Plaintiff cannot rely on a similar excuse of heat exhaustion as he did before.

The record reflects that attending the hearings was inconvenient for Plaintiff. But that inconvenience does not establish good cause to justify his nonappearance. Accordingly, the Court agrees with the Magistrate Judge in determining that the ALJ did not abuse her discretion nor failed to support her determination with substantial evidence.

---

[1] Since Plaintiff had an opportunity for a second hearing after his failed to appear for the first, the ALJ determined good cause existed for Plaintiff's failure to appear at the first hearing.

- 5 -

### III. CONCLUSION

For these reasons, the Court finds that Plaintiff's Objections are without merit. Therefore, the Magistrate Judge's Report and Recommendation (Doc. 31) is **ADOPTED** and the Commissioner's final decision dismissing Plaintiff's request for administrative hearing and denial of applications for disability insurance benefits and supplemental security income is **AFFIRMED**.

**IT IS SO ORDERED.**

                                        s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **Senior United States District Judge**

**Dated: November 2, 2020**